## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

FIFTH MARKET, INC., a Tennessee
corporation,

             Plaintiff,

      v.

CME GROUP, INC., a Delaware corporation,
and CHICAGO MERCANTILE EXCHANGE,
INC., a Delaware corporation,

             Defendants.

Civ. No. 1:08-cv-00520-GMS

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT, TO STRIKE THE WILLFULNESS ALLEGATION AND DEMANDS FOR ENHANCED DAMAGES AND FEES, OR FOR A MORE DEFINITE STATEMENT

Paul J. Lockwood (I.D. No. 3369)
Michael A. Barlow (I.D. No. 3928)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, Delaware  19899
Tel:   (302) 651-3000
Fax:   (302) 651-3001
E-mail:  Paul.Lockwood@skadden.com
         Michael.Barlow@skadden.com

Jeffrey G. Randall
  (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
Tel:   (650) 470-4500
Fax:   (650) 470-4750

DATED:  September 8, 2008

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**PAGE**

I.      NATURE AND STAGE OF THE PROCEEDINGS ..............................................1

II.     SUMMARY OF ARGUMENT..............................................................................2

III.    STATEMENT OF RELEVANT FACTS ................................................................3

        A.      The Parties.................................................................................................3

        B.      The Patents ................................................................................................5

        C.      The Complaint............................................................................................5

IV.     ARGUMENT .........................................................................................................7

        A.      If Fifth Market Complied With Rule 11, It Will
                Already Know The Factual Bases For Its Claims .......................................7

        B.      The Complaint Must Be Dismissed Because It
                Fails To Allege Facts Sufficient To State A Claim ....................................8

                1.      The Complaint Does Not Identify A Single
                        Infringing Product, Service Or Technology ....................................10

                2.      The Complaint Fails To State A
                        Claim For Inducement Of Infringement............................................12

                3.      The Complaint Fails To State A
                        Claim For Contributory Infringement...............................................15

        C.      The Willful Infringement Allegation And Demands
                For Enhanced Damages And Fees Should Be Stricken...............................16

        D.      At A Minimum, The Court Should Require Fifth Market
                To Provide A More Definite Statement Of Its Claims.............................18

V.      CONCLUSION .....................................................................................................20

i

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*AntiCancer Inc. v. Xenogen Corp.,*
   248 F.R.D. 278 (S.D. Cal. 2007) ................................................................................13

*Bay Indus. Inc. v. Tru-Arx Mfg., LLC,*
   Civ. No. 06-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006) .........................7, 19

*Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.,*
   923 F.2d 1576 (Fed. Cir. 1991) ...................................................................................16

*Bell Atl. Corp. v. Twombly,*
   550 U.S. ___, 127 S. Ct. 1955 (2007) ............................................................2, 8, 9, 11

*Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.,*
   Civ. No. 05-700, 2006 WL 1876918 (D. Del. July 6, 2006)........................................18

*Bristol-Myers Squibb Co. v. IVAX Corp.,*
   77 F. Supp. 2d 606 (D.N.J. 2000)................................................................................17

*Bureerong v. Uvawas,*
   922 F. Supp. 1450 (C.D. Cal. 1996) ............................................................................17

*Classen Immunotherapies, Inc. v. Biogen IDEC,*
   381 F. Supp. 2d 452 (D. Md. 2005)...........................................................................7, 13

*Conley v. Gibson,*
   355 U.S. 41 (1957)..........................................................................................................9

*Coolsavings.com, Inc. v. Catalina Marketing Corp.,*
   Civ. No. 98-6668, 1999 WL 342431 (N.D. Ill. May 14, 1999) ...................................14

*DiLorenzo v. Edgar,*
   Civ. No. 03-841, 2004 WL 609374 (D. Del. Mar. 24, 2004)........................................3

*DSU Med. Corp. v. JMS Co.,*
   471 F.3d 1293 (Fed. Cir. 2006) .............................................................................12, 13

*eSoft, Inc. v. Astro Corp.,*
   Civ. No. 06-00441, 2006 WL 2164454 (D. Colo. July 31, 2006) ...............................19

*F5 Networks, Inc. v. A10 Networks, Inc.,*
   Civ. No. 07-1927, 2008 WL 687114 (W.D. Wash. Mar. 10, 2008) .......................17, 18

*Gen-Probe, Inc. v. Amoco Corp., Inc.,*
   926 F. Supp. 948 (S.D. Cal. 1996) ........................................................................10, 11

*Glaxo Group Ltd. v. Apotex, Inc.,*
   376 F.3d 1339 (Fed. Cir. 2004) ...................................................................................18

**CASES**                                                                   **PAGE(S)**

*Hewlett-Packard Co. v. Intergraph Corp.,*
  Civ. No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ...............10, 11, 16

*Hodosh v. Block Drug Co.,*
  833 F.2d 1575 (Fed. Cir. 1987) ................................................................................15

*In re Papst Licensing GmbH Patent Litig.,*
  No. MDL 1298, 2001 WL 179926 (E.D. La. Feb. 22, 2001) .....................................11

*In re Seagate Tech., LLC,*
  497 F.3d 1360 (Fed. Cir. 2007) ................................................................................16

*Judin v. U.S.,*
  110 F.3d 780 (Fed. Cir. 1997) ...................................................................................7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,*
  383 F.3d 1337 (Fed. Cir. 2004) ................................................................................16

*McZeal v. Sprint Nextel Corp.,*
  501 F.3d 1354 (Fed. Cir. 2007) ................................................................................11

*Ondeo Nalco Co. v. EKA Chems., Inc.,*
  Civ. No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) ..............................10, 11

*Oran v. Stafford,*
  226 F.3d 275 (3d Cir. 2000) ......................................................................................3

*Pfizer Inc v. Ranbaxy Labs. Ltd.,*
  321 F. Supp. 2d 612 (D. Del. 2004) .........................................................................13

*Phillips v. County of Allegheny,*
  515 F.3d 224 (3d Cir. 2008) ......................................................................................9

*PLS-Pacific Laser Sys. v. TLZ Inc.,*
  Civ. No. 06-4585, 2007 WL 2022020 (N.D. Cal. July 9, 2007)............................13, 14

*Ricoh Co. v. Asustek Computer, Inc.,*
  481 F. Supp. 2d 954 (W.D. Wis. 2007).....................................................................10

*Ristvedt-Johnson, Inc. v. Peltz,*
  Civ. No. 91-3273, 1991 WL 255691 (N.D. Ill. Nov. 18, 1991)..................................14

*Shearing v. Optical Radiation Corp.,*
  Civ. No. 93-850, 1994 WL 382444 (D. Nev. Mar. 25, 1994)....................................15

*Static Control Components, Inc. v. Future Graphics, LLC,*
  Civ. No. 07-7, 2008 WL 160827 (M.D.N.C. Jan. 15, 2008)......................................19

*Symantec Corp. v. Computer Assocs. Int'l, Inc.,*
  522 F.3d 1279 (Fed. Cir. 2008) ................................................................................12

**CASES** **PAGE(S)**

*Taurus IP, LLC v. Ford Motor Co.,*
539 F. Supp. 2d 1122 (W.D. Wis. 2008)...................................................................19

*Thomas v. Independence Township,*
463 F.3d 285 (3d Cir. 2006) .............................................................................18, 19

*View Eng'g Inc. v. Robotic Vision Sys., Inc.,*
208 F.3d 981 (Fed. Cir. 2000) ......................................................................................7


**STATUTES AND RULES** **PAGE(S)**

35 U.S.C. § 271.........................................................................................6, 12, 15

35 U.S.C. § 284............................................................................................2, 6, 17

35 U.S.C. § 285............................................................................................2, 6, 17

Fed. R. Civ. P. 8 ............................................................................................. *passim*

Fed. R. Civ. P. 11 ..................................................................................................7, 8, 16

Fed. R. Civ. P. 12(b)(6) ................................................................................... *passim*

Fed. R. Civ. P. 12(e) ..................................................................................... 1, 18, 19, 20

Fed. R. Civ. P. 12(f)..................................................................................1, 3, 17, 20

Fed. R. Civ. P. 84 & Form 18................................................................................11


**OTHER AUTHORITIES** **PAGE(S)**

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1202 (3d ed. 2004)................9

Defendants CME Group Inc. ("CME Group") and Chicago Mercantile Exchange Inc. ("CME Inc.") (collectively, "Defendants") respectfully move this Court for entry of an order dismissing plaintiff Fifth Market, Inc.'s ("Fifth Market's") Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, striking the allegation of willfulness and demands for enhanced damages and fees pursuant to Rule 12(f), or, in the alternative, requiring Fifth Market to provide a more definite statement of its claims pursuant to Rule 12(e).

## I.   NATURE AND STAGE OF THE PROCEEDINGS

This is the second complaint that Fifth Market has filed against CME Group and its subsidiaries for alleged infringement of U.S. Patent Nos. 6,418,419 and 7,024,387.

On December 21, 2007, Fifth Market sued CME Group and the Board of Trade of the City of Chicago, Inc. ("CBOT"), one of CME Group's subsidiaries, in this Court. *See Fifth Market, Inc. v. CME Group, Inc., et al.,* Civ. No. 07-840 (D. Del.). The case was assigned to the Honorable Judge Sue L. Robinson.

On April 16, 2008, Judge Robinson issued an Order requiring the parties to exchange Rule 26 disclosures and submit a discovery plan at a scheduling conference to be held on June 2, 2008. D.I. 10. During the interval, the parties attempted to negotiate a resolution. On the Friday before the Monday conference was to take place, and before the deadline for defendants' response, Fifth Market voluntarily dismissed the action. D.I. 12.

Less than eleven weeks later, on August 15, 2008, Fifth Market refiled a virtually identical complaint against CME Group and another of CME Group's subsidiaries, CME Inc. *See Fifth Market, Inc. v. CME Group, Inc., et al.,* Civ. No. 08-520 (D. Del.). The new complaint is nearly a word-for-word copy of what Fifth Market had filed

1

approximately eight months before.  On August 19, 2008, Defendants filed a Notice Of Related Action regarding the earlier action. D.I. 7.

## II.    SUMMARY OF ARGUMENT

**1.**    Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint in a federal civil action must identify the grounds upon which plaintiff claims he or she is entitled to relief.  As articulated by the U.S. Supreme Court in last year's decision of *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007), this requires that the complaint make "a 'showing,' rather than a blanket assertion, of entitlement to relief," *id.* at 1965 n.3, including "factual allegations" that are "enough to raise a right to relief above the speculative level," *id.* at 1965. *See infra* pp. 8-9.

**2.**    This standard applies with equal force in patent infringement actions. Federal courts have consistently rejected complaints pursuant to Rule 12(b)(6) that do not adequately provide the accused infringer with adequate notice of the nature and grounds for plaintiff's claims. *See infra* pp. 10-16.

**3.**    The Complaint in this case does not come close to meeting the necessary pleading requirements.  Indeed, but for some allegations regarding the identification of the parties, jurisdiction and venue, the Complaint does nothing more than restate legal elements of the causes of action.  It is a textbook example of the kind of pleading requiring dismissal under *Twombly*. *See infra* pp. 10-16.

**4.**    In addition, without providing a single supporting factual allegation, the Complaint alleges that Defendants' infringement was willful and that enhanced damages and fees pursuant to 35 U.S.C. §§ 284 and 285 are appropriate.  As courts have previously held, however, the failure of a complaint to give any explanation as to how defendant's alleged conduct was in fact willful does not meet the requisite pleading standard entitling plaintiff to seek enhanced damages and fees for patent infringement.

2

Accordingly, this Court should strike the Complaint's willfulness allegation and damages demands pursuant to Rule 12(f). *See infra* pp. 16-18.

5.     Finally, even if the Court denies Defendants' other requests, it should require Fifth Market to provide a more definite statement of its claims. In present form, the Complaint does essentially nothing more than allege the existence of two patents and then claim that Defendants have infringed them. A more definite statement of Fifth Market's claims will at least allow Defendants to frame a proper response. *See infra* pp. 18-19.

## III.    STATEMENT OF RELEVANT FACTS

### A.    The Parties

Fifth Market purports to be the owner of two United States patents, Nos. 6,418,419 ('419 patent) and 7,024,387 ('387 patent). D.I. 1 ¶¶ 13 & 21.

Defendant CME Group is the owner of the three largest regulated futures exchanges in the United States. Those regulated futures exchanges (including, among others, CME Inc.), offer individual, business and governmental customers the opportunity to trade and clear futures, commodity and options contracts on commodities, financial instruments, economic events and alternative products.[1] In addition the subsidiaries of CME Group provide numerous services, including clearing house services; third-party transaction processing; market data distribution; and databases and analytical tools to assist end-users.[2]

---

[1]    CME Group 2007 Annual Report on Form 10-K, pages 3-14 & 50-54 (filed Feb. 28, 2008) (available at http://www.sec.gov/Archives/edgar/data/1156375/000119312508040449/d10k.htm) ("CME 2007 10-K"), excerpts of which are attached hereto at Tab A. In considering a motion to dismiss, a court may consider the contents of documents required by law to be filed with the Securities and Exchange Commission. *See DiLorenzo v. Edgar*, Civ. No. 03-841, 2004 WL 609374, *2 (D. Del. Mar. 24, 2004) (citing, *inter alia*, *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000)).

[2]    *Id.*

3

As one would expect, those numerous products and services employ widely-varying technologies, including technologies that distribute CME Group's trading systems; technologies that control the flow of orders to the trading floors; electronic trading systems that monitor submitted orders; technologies that aggregate submitted orders and electronically match buy and sell orders when particular trade conditions are met; technologies that distribute order information to end-user customers on market data platforms; and technologies that maximize market participants' abilities to capitalize on opportunities present on the trading floor as well as electronic markets.[3]

Those technologies are deployed in a variety of forms, including, among many others, dedicated private networks, telecommunications hubs, protocols, routing and order management systems, software engines, market data technologies, messaging systems, distribution platforms, floor trading technologies, clearing technologies, and margining and risk management software.[4] To take the single example mentioned by Fifth Market in its Complaint -- although notably, *not* in the context of infringement (*see* D.I. 1 ¶ 5) -- the Globex electronic trading platform incorporates technologies involving distribution, order routing, order management, trade matching and market data.[5]

In addition to varying based on purpose, those technologies have changed over time. For example, from the time CME Group first started using a form of Globex, its electronic trading platform, the platform has undergone numerous revisions and updates.

---

[3]     *Id.* at 14-15.

[4]     *Id.*

[5]     *Id.* at 15. In addition, although not relied on for purposes of this motion given the procedural posture, further details relating to the technologies used in the Globex platform are provided on CME Group's website. *See, e.g.,* http://www.cme.com/files/GlobexRefGd.pdf ("CME Globex Reference Guide"); http://www.cme.com/trading/get/abt/functionality/index.html ("CME Globex Functionality"); http://www.cme.com/trading/get/dev/eageurodoll.html (applied pricing for spreads); http://www.cme.com/trading/get/abt/functionality/matching.html (applicable matching rules/algorithms).

4

In 2007 and early 2008 alone, CME Group "made significant enhancements to improve the speed, functionality and reliability of our CME Globex platform," including but not limited to adding "the ability to execute complex options trading strategies" as well as integrating CBOT's interest rate, equity and agricultural electronic products.[6]

## B.    The Patents

The '419 patent, titled "Automated System for Conditional Order Transactions in Securities or Other Items in Commerce," was filed on July 23, 1999, and issued on July 9, 2002. It contains 43 apparatus claims, four of which are independent. *See* D.I. 1, Ex. A. The '387 patent, also titled "Automated System for Conditional Order Transactions in Securities or Other Items in Commerce," was filed on October 26, 2000, as a continuation-in-part of the '419 patent, and issued on April 4, 2006. It contains 12 apparatus claims, six of which are independent. *See* D.I. 1, Ex. B. All 55 claims of the '419 and '387 patents require some variant of a trader order "in the form of an algorithm." *Id.* Nevertheless, as detailed below, Fifth Market's Complaint does not aver any facts from which defendants can even infer which of its myriad of technologies allegedly include trader orders in the form of an algorithm.

## C.    The Complaint

All told, the Complaint contains 19 unique paragraphs, [7] consisting of the following: five identifying the parties (D.I. 1 ¶¶ 1-5); six alleging jurisdiction and venue (¶¶ 6-11); one re-alleging the prior paragraphs (¶ 12); one alleging that Fifth Market owns the patent (¶ 13); one alleging that the patent complies with marking and notice provisions (¶ 14); three with all of the infringement allegations (¶¶ 15-17); one alleging willfulness (¶ 18); and the last alleging injury and irreparable harm (¶ 19).

---

6    *Id.* at 5, 7 & 69.

7    ¶¶ 20-27 are identical to ¶¶ 12-19 but for the substitution of the '387 patent for the '419.

The infringement allegations (¶¶ 15-17), in their entirety, state as follows:

> Defendants CME Group/CME have infringed and/or continue to infringe the '419 patent by making, using, selling and/or offering for sale products and methods covered by claims of the '419 patent without Plaintiff Fifth Market's authorization, in violation of 35 U.S.C. § 271(a).

> In addition, Defendants CME Group/CME's actions have constituted and/or continue to constitute contributory infringement of the '419 patent in violation of 35 U.S.C. § 271(c) and/or the active inducement of others under 35 U.S.C. § 271(b) to engage in direct infringement under 35 U.S.C. § 271(a) with a knowledge and an intent to induce the specific infringement.

> Upon information and belief, Defendants CME Group/CME significantly, actively, and intentionally aided, abetted, participated in and were and are a proximate, contributory and concurring cause of the aforesaid infringement, because, without limitation, Defendants CME Group/CME induced others to use, sell and/or offer to sell the infringing products and methods.

*Id.* Thus, among other things, the Complaint does not identify a single allegedly infringing product, service or technology among the hundreds of Defendants' different types of products and services; does not specify a time frame for any purported infringement; does not specify a single act as constituting such infringement; and does not explain how either defendant caused any other person to infringe either of the patents.

Further, the Complaint's entire allegation of willfulness consists of the following:

> Defendants CME Group/CME's infringement of the '419 patent is willful, deliberate and intentional pursuant to 35 U.S.C. §§ 284 and 285.

*Id.* ¶ 18. Based on that single sentence, Fifth Market demands enhanced damages as well as costs, expenses and reasonable attorney's fees pursuant to 35 U.S.C. §§ 284 and 285. *Id.* ¶¶ C & D (Prayer for Relief).

## IV.  ARGUMENT

### A.  If Fifth Market Complied With Rule 11, It Will Already Know The Factual Bases For Its Claims

Rule 11 of the Federal Rules of Civil Procedure imposes on patent plaintiffs the obligation before filing a complaint "at a bare minimum, [to] apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). The Federal Circuit has described this obligation as "extremely important." *Id.* It requires, among other things, that plaintiff conduct a proper investigation before filing suit. *See Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (failure to conduct pre-filing investigation to compare products accused of infringement with claims of a patent is sanctionable).

It is therefore no excuse to argue in response to a motion to dismiss that such basic factual questions are premature or outside a plaintiff's control. Because a patentee suing in federal court is required to have complied with Rule 11, it must have identified what it believes to be the factual bases for its claims. Consequently, "[i]f challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer *exactly* why it believed before filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g*, 208 F.3d at 986) (emphasis added). If, for example, "a plaintiff cannot describe with some specificity the product he claims infringes his patent, there is reason to question whether such a certification [of Rule 11 compliance] is true." *Bay Indus. Inc. v. Tru-Arx Mfg., LLC*, Civ. No. 06-1010, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006).

7

Accordingly, Fifth Market, assuming it complied with Rule 11, must have come to an understanding as to how each defendant is supposedly liable for infringement. Further, it must have already applied its patent claims to the accused device or service in order to satisfy itself in good faith that its Complaint has a reasonable basis. As a result, it should now be able to identify readily the factual bases for its claims.

## B.   The Complaint Must Be Dismissed Because It Fails To Allege Facts Sufficient To State A Claim

In *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007), the Supreme Court revisited and further clarified the obligations that Rule 8 of the Federal Rules of Civil Procedure impose on a plaintiff and the role that Rule 12(b)(6) plays in heading off complaints that do not meet those standards. The Third Circuit, noting that "[f]ew issues in civil procedure jurisprudence are more significant than pleading standards, which are the key that opens access to courts," recently discussed *Twombly* and the import of its holdings:

> First, in its general discussion of Rules 8 and 12(b)(6), the Supreme Court used certain language that it does not appear to have used before. The Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 127 S. Ct. at 1964-65 (alteration in original) (internal citations omitted). The Court explained that Rule 8 "*requires a 'showing,'* rather than a blanket assertion, of entitlement to relief." *Id.* at 1965 n.3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 1966. The Court further explained that a complaint's "[f]actual allegations *must be enough to raise a right to relief above the speculative level.*" *Id.* at 1965 & n.3.

8

> Second, the Supreme Court *disavowed certain language that it had used many times before -- the "no set of facts" language* from *Conley* [*v. Gibson*, 355 U.S. 41 (1957)]. *See id.* at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1969.

*Phillips v. County of Allegheny*, 515 F.3d 224, 230-32 (3d Cir. 2008) (emphasis added). Thus, according to the Supreme Court, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests . . . Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 127 S. Ct. at 1965 n.3 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1202, pp. 94 & 95 (3d ed. 2004)).

The Supreme Court also described how important it is to resolve such questions at the outset of litigation, such as through Rule 12(b)(6) motion practice, rather than simply allowing conclusory allegations to open the door to expansive discovery: "[T]his basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court, . . . a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 127 S. Ct. at 1966-67 (citations and internal quotations omitted).

Applied here, the standards from *Twombly* compel dismissal of the Complaint.

9

### 1. The Complaint Does Not Identify A Single Infringing Product, Service Or Technology

The Complaint's failure to identify a single allegedly infringing product, service or technology is grounds alone for dismissal.

> Although pleading standards under Fed. R. Civ. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, this means *at least* that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent. Failing to identify the infringing product in a patent case is akin to failing to identify the retaliatory action in a civil rights case.

*Ricoh Co. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) (emphasis added).

For example, in *Ondeo Nalco Co. v. EKA Chems., Inc.*, Civ. No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002), then-Chief Judge Robinson held that a complaint's identification of the allegedly infringing products as "'products, . . . that are used in paper-making process . . .' or 'to make paper'" is "too vague to provide . . . notice of which products are accused," and required dismissal. *Id.* at *1.

Likewise, in *Hewlett-Packard Co. v. Intergraph Corp.*, Civ. No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003), the Court granted defendant's motion to dismiss because the vague and conclusory allegation of "making, using, offering to sell and/or selling infringing software and hardware products," in light of the number of potential products at issue, was not sufficient to give defendant notice of the claims. *Id.* at *1.

In *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948 (S.D. Cal. 1996), the complaint alleged that "[u]pon information and belief, [each of the defendants] . . . are willfully and deliberately infringing the [] Patent or contributing to or inducing said infringement in the United States, and within this district, by making, using, selling and/or offering for sale products and/or kits without authority." *Id.* at 960 n.19. The

10

Court found that these allegations "fail[ed] to provide fair notice of what the plaintiff's claims are" in that "[e]ach of the five defendants is accused of each of the three different types of infringement" and, consequently, "[i]t is unclear which of the five is accused of which type of infringement." *Id.* at 960. Further, "[f]iling a patent infringement action pointing vaguely to 'products and/or kits' . . . does not provide adequate notice as required by the Rules." *Id.* at 962. The Court held that "[e]ven under liberal notice pleading, the plaintiff must provide facts that 'outline or adumbrate' a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action." *Id.* at 961.

Here, the allegations of infringement are even less particular than those found deficient in *Ondeo*, *Hewlett-Packard* and *Gen-Probe*. Here, the Complaint fails to make *any* allegation at all regarding the allegedly infringing activity, a failing compounded by the fact that Defendants' businesses are wide-ranging and complex, involving hundreds of different types of products, services and technologies. *See supra* pp. 3-5. Accordingly, dismissal is warranted.[8]

---

[8]     Plaintiffs opposing post-*Twombly* motions to dismiss often try to use *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), issued after *Twombly*, to defend their complaints. *McZeal*, however, is distinguishable on several grounds. *First*, as the *McZeal* Court emphasized, plaintiff was *pro se* and thus entitled to "leeway on procedural matters"; and this meant that the pleadings were subject to a "less demanding" standard. *Id.* at 1356. The Federal Circuit specifically held that McZeal had met the "low bar" set for *pro se* litigants. *Id.* at 1358. *Second*, even as a *pro se* litigant, McZeal provided greater detail than Fifth Market. McZeal's 95-page complaint identified specific products by model that defendants manufactured, and described the aspect of those products that he contended practiced his invention. *Id.* at 1357. *Third*, the *McZeal* Court's reliance on Form 16 (now Form 18), provided in the Appendix of Forms under Fed. R. Civ. P. 84, is inapplicable. As courts have explained, the generic reference to "electric motors" in the Form does not apply where -- as here -- there are undifferentiated claims of infringement of multiple patents with hundreds of potentially-infringing products and services that could arguably be brought it under the complaint's blanket allegation of wrongdoing. *See Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 at *1 ("Form [18] simply does not address a factual scenario of this sort. Not only is the example in Form [18] limited to a single 'type' of product (*i.e.*, electric motors) there is no indication as to the number of different electric motors the hypothetical defendant made, sold, or used."); *see also In re Papst Licensing GmbH Patent Litig.*, No. MDL 1298, 2001 WL 179926, *1 (E.D. La. Feb. 22, 2001) ("It is apparent, however, that the number of patents and products in the case before me are far greater than those contemplated in the [Form 18] sample complaint, which would justify a request for greater specificity.").

11

### 2. The Complaint Fails To State A Claim For Inducement Of Infringement

At Paragraphs 16-17 of the Complaint, Fifth Market purports to assert a claim for inducement of infringement of the '419 patent pursuant to 35 U.S.C. § 271(b) (with identical language at Paragraphs 24-25 for the '387 patent). The Complaint's *entire statement* of the inducement claim consists of the following:

> Defendants CME Group/CME's actions have constituted and/or continue to constitute . . . the active inducement of others under 35 U.S.C. § 271(b) to engage in direct infringement under 35 U.S.C. § 271(a) with a knowledge and an intent to induce the specific infringement.
>
> Upon information and belief, Defendants CME Group/CME significantly, actively, and intentionally aided, abetted, participated in and were and are a proximate, contributory and concurring cause of the aforesaid infringement, because, without limitation, Defendants CME Group/CME induced others to use, sell and/or offer to sell the infringing products and methods.

D.I. 1 ¶¶ 16-17 ('419 patent); ¶¶ 24-25 ('387 patent).

The Complaint fails to state an inducement claim for at least three reasons: *first,* because it provides no factual allegations to support the claim; *second,* because it fails to differentiate between Defendants; and *third,* because it does not allege any support for the assertion that Defendants intended to encourage any other entity to infringe the patents.

Section 271(b) of Title 35 states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Symantec Corp. v. Computer Assocs. Int'l, Inc.,* 522 F.3d 1279, 1292 (Fed. Cir. 2008) (citations and internal quotations omitted). Further, an *en banc* Federal Circuit panel held that the specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement. . . . [T]he inducer must have an affirmative intent to cause direct

infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (relevant section *en banc*). Thus, "inducement requires *evidence of culpable conduct, directed to encouraging another's infringement*, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* (emphasis added). This requirement also "necessarily includes the requirement that he or she *knew of the patent*." *Id.* at 1304 (emphasis added).

Accordingly, courts have found patent infringement complaints lacking where those elements of the inducement claim are not supported by any factual detail. In *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007), for example, plaintiff pled inducement as follows: "Each of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others." *Id.* at 282. The Court granted defendants' motion to dismiss, holding that plaintiff "failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief." *Id.* Likewise, in *Pfizer Inc v. Ranbaxy Labs. Ltd.*, 321 F. Supp. 2d 612 (D. Del. 2004), Judge Farnan granted defendants' motion for partial judgment on the pleadings where plaintiffs' theory of induced infringement was not legally viable. The Court held, in relevant respect, that because plaintiffs made "no factual allegations pertaining to [plaintiff's theory of] inducement," the Court was "not persuaded that the Complaint sufficiently states a cognizable claim for inducement of infringement." *Id.* at 618 n.2.

Courts have also granted motions to dismiss where the claim fails to differentiate defendants' respective roles in the alleged inducement. In *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452 (D. Md. 2005), for example, where "[plaintiff's] general allegation fails to delineate the particular acts of infringement attributable to each Defendant," the Court found that "it does not provide facts sufficient to inform [defendant] of the basis for [plaintiff's] claims." *Id.* at 455. Similarly, in *PLS-Pacific*

13

*Laser Sys. v. TLZ Inc.*, Civ. No. 06-4585, 2007 WL 2022020 (N.D. Cal. July 9, 2007), the Court granted defendant's motion to dismiss where the complaint alleged nothing more than the legal elements of inducement without any supporting detail or explanation as to how each particular defendant was liable: "The court does not find these allegations sufficient to give each named defendant sufficient notice of the particular claims and grounds for the claims against them." *Id.* at *11.

Courts have also granted motions to dismiss where the allegation of intent is not allegations of facts sufficient to meet the legal standard. In *Coolsavings.com, Inc. v. Catalina Marketing Corp.*, Civ. No. 98-6668, 1999 WL 342431 (N.D. Ill. May 14, 1999), for example, the Court granted defendants' motion to dismiss because the complaint "does not allege the requisite intent," instead "alleg[ing] only the bald assertion of active inducement, which, without the allegation of any facts supporting it, does not satisfy the pleading requirements of the federal rules." *Id.* at *2 (citation and internal quotations omitted). The Court held that for the inducement claim "to satisfy Rule 12(b)(6), plaintiff must make some factual allegation that implies the existence of the requisite *scienter*." *Id.* Likewise, in *Ristvedt-Johnson, Inc. v. Peltz*, Civ. No. 91-3273, 1991 WL 255691 (N.D. Ill. Nov. 18, 1991), the Court held that "[t]o properly allege that the infringer knowingly induced infringement, the plaintiffs must demonstrate that the defendants possessed specific intent to encourage their corporation's supposed infringement and not merely that the defendants had knowledge of the acts alleged to constitute inducement." *Id.* at *4.

Given that the Complaint's entire statement of inducement constitutes only two conclusory sentences that simply repeat legal standards, it cannot possibly be sufficient to state an inducement claim.

14

## 3. The Complaint Fails To State A Claim For Contributory Infringement

Within the same paragraphs that Fifth Market purports to assert its inducement claim, it also alleges a claim for contributory infringement pursuant to 35 U.S.C. § 271(c). *See* D.I. 1 ¶ 16 ('419 patent) & ¶ 24 ('387 patent). Yet the Complaint's *entire statement* of the contributory infringement claim consists of the following:

> Defendants CME Group/CME's actions have constituted and/or continue to constitute contributory infringement of the [] patent in violation of 35 U.S.C. § 271(c).

*Id.* Like the inducement claim, the Complaint's bald assertion that Defendants are liable for contributory infringement fails to state a claim upon which relief can be granted.

Contributory infringement liability arises when one "sells within the United States . . . a component of a patented machine . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). The language of the statute "deals with the material actually sold by the accused and the uses made of it by its purchasers." *Hodosh v. Block Drug Co.*, 833 F.2d 1575, 1578 (Fed. Cir. 1987).

In addition to the reasons articulated above as to why the inducement claim fails (*see supra* pp. 12-14), the contributory infringement claim fails because it does not plead additional required elements to state the cause of action. Among other things, it fails to allege that the supposedly infringing device or process has no substantial non-infringing uses. In *Shearing v. Optical Radiation Corp.*, Civ. No. 93-850, 1994 WL 382444 (D. Nev. Mar. 25, 1994), for example, the Court dismissed the contributory infringement claim because, among other reasons, it did not contain any reference to this required element.

15

Further, the Complaint in this case does not allege that Defendants sold a "component" of a patented machine, or that they did so knowing the same to be especially made or especially adapted for use in an infringement of such patent. The failure to include such an allegation proved dispositive in *Hewlett-Packard Co.*, in which the Court granted defendant's motion to dismiss the contributory infringement claim because plaintiff "fail[ed] to allege that Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device." 2003 WL 23884794 *2. According to the Court, "[t]his is not sufficient to state a claim for contributory infringement." *Id.*

Given the large number of entities that Defendants engage across hundreds of products and services, Defendants cannot possibly answer Fifth Market's claim of contributory infringement (or inducement of infringement) without at least some factual explanation of the activity that allegedly forms the basis for the claims.

## C.     The Willful Infringement Allegation And Demands For Enhanced Damages And Fees Should Be Stricken

Under long-standing Federal Circuit precedent, "enhanced damages may be awarded only as a penalty for an infringer's increased culpability, namely willful infringement or bad faith." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1348 (Fed. Cir. 2004) (citing *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 923 F.2d 1576, 1579 (Fed. Cir. 1991)). Further, "[w]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (*en banc*) (citing, *inter alia*, Fed. R. Civ. P. 8(a) & 11).

In this case, Fifth Market accuses Defendants of willfully infringing the '419 and '387 patents based *solely* on the following allegation:

16

> Defendants CME Group/CME's infringement of the [] patent
> is willful, deliberate and intentional pursuant to 35 U.S.C. §§
> 284 and 285.

D.I. 1 ¶¶ 18 ('419 patent) & 26 ('387 patent).  Based on this allegation, Fifth Market demands "enhanced damages for willful infringement under 35 U.S.C. § 284" as well as "costs, expenses and reasonable attorney's fees pursuant to 35 U.S.C. §§ 284 and 285." *Id.* ¶¶ C & D (Prayer for Relief).  These conclusory allegations should be stricken.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  "The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citations and internal quotations omitted); *see also Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000) (purpose of Rule 12(f) is to "save time and expense through the excursion of matter from the pleadings").  Although generally disfavored, Rule 12(f) motions have been granted to strike prayers for relief that are not supported by the Complaint. *See, e.g., Bureerong*, 922 F. Supp. at 1479 n.34 ("A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law.").

Thus, in the patent infringement context, courts have consistently stricken baseless claims of willfulness, and their associated demands and fees or enhanced damages, when those claims are insufficiently pled.

In *F5 Networks, Inc. v. A10 Networks, Inc.*, Civ. No. 07-1927, 2008 WL 687114 (W.D. Wash. Mar. 10, 2008), for example, the Court struck plaintiff's request for treble damages and allegations of willfulness where the only allegation was that "[o]n information and belief, [defendant] has performed such acts of infringement in a willful and deliberate manner, insofar as it has committed such acts with knowledge of [plaintiff's] patent." *Id.* at *1.  The Court found that "[i]n this case, the complaint does

17

not contain any facts to support a claim of willful infringement or to put [defendant] on notice of the grounds on which that claim rests," including the fact that "the complaint does not allege prior knowledge of the patent." *Id.*

Similarly, in *Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.*, Civ. No. 05-700, 2006 WL 1876918 (D. Del. July 6, 2006), Judge Jordan struck plaintiff's demand for attorneys' fees based on willful infringement where the only factual allegations concerned a legal ground that had been overturned by the Federal Circuit. *See id.* at \*2 (citing *Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339 (Fed. Cir. 2004)). Implicitly recognizing the need for factual support in the complaint, the Court held that "[i]n light of that authority, which is persuasive, the plaintiffs' willfulness claims cannot stand and the motion to strike those claims will be granted." *Id.*

Here, there is not a single factual allegation supporting the charge of willfulness, nor any allegation that either defendant had knowledge of the patents at the time of the alleged infringement. Accordingly, the Complaint's demand for enhanced damages and fees, as well as the associated conclusory allegation of willfulness, should be stricken.

**D.  At A Minimum, The Court Should Require Fifth Market To Provide A More Definite Statement Of Its Claims**

Even if the Court does not dismiss Fifth Market's claims or strike its willfulness demands and allegation, Defendants request that Fifth Market, at a minimum, be ordered to provide a more definite statement of its claims.

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). As stated by the Third Circuit, such motions have "particular usefulness . . . [w]hen a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief." *Thomas v. Independence Township*, 463 F.3d 285, 301 (3d Cir. 2006). "The Rule 12(e) motion for a more definite

statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." *Id.* Further, "[w]hen presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." *Id.*

In the patent infringement context, "Plaintiff cannot foist the burden of discerning what products it believes infringes the patent onto defense counsel, regardless of their skill and expertise." *eSoft, Inc. v. Astro Corp.*, Civ. No. 06-00441, 2006 WL 2164454, \*2 (D. Colo. July 31, 2006). Thus, courts have frequently granted motions for more definite statements where the patent claims do not provide sufficient factual support. *See, e.g.*, *Bay Indus., Inc. v. Tru-Arx Mfg.*, Civ. No. 06-1010, 2006 WL 3469599, \*3 (E.D. Wis. Nov. 29, 2006) (granting motion where the complaint failed to identify any allegedly infringing product, and finding that "Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent"); *Static Control Components, Inc. v. Future Graphics, LLC*, Civ. No. 07-7, 2008 WL 160827, \*2 (M.D.N.C. Jan. 15, 2008) (where the complaint identified a group of exemplary "universal chips" as allegedly infringing, finding that "absent a more definite statement" the defendant "ha[d] no choice but to interpret each of the claims of the patent in suit, compare each of its chips that could be considered 'universal chips' to the claims of the patent in suit, and determine whether it believes the chips violate any of [those] claims"); *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008) (requiring plaintiff to allege which products allegedly infringed which claims of the patents).

In this case, Defendants cannot realistically be expected to frame a responsive pleading without risk of prejudice. A more definite statement, at a minimum, is warranted.

19

## V.    CONCLUSION

Defendants respectfully request that the Court dismiss the Complaint in this action pursuant to Rule 12(b)(6), strike the allegation of willfulness and demands for enhanced damages and fees pursuant to Rule 12(f), or, in the alternative, require Fifth Market to provide a more definite statement of its claims pursuant to Rule 12(e).

DATED:  September 8, 2008                     Respectfully submitted,

_____/s/ Michael A. Barlow_____
Paul J. Lockwood (I.D. No. 3369)
Michael A. Barlow (I.D. No. 3928)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, Delaware 19899
Tel:   (302) 651-3000
Fax:   (302) 651-3001
E-mail:  Paul.Lockwood@skadden.com
              Michael.Barlow@skadden.com

Jeffrey G. Randall
   (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Tel:   (650) 470-4500
Fax:   (650) 470-4750

***Attorneys for Defendants***

20