IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FIFTH MARKET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 08-520 GMS |
| | ) | |
| CME GROUP, INC. and CHICAGO | ) | |
| MERCANTILE EXCHANGE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

1.    On August 15, 2008, Fifth Market, Inc. ("Fifth Market") filed the above-captioned action

against CME Group, Inc. and Chicago Mercantile Exchange, Inc. (collectively, the "CME

defendants"), alleging infringement of United States Patent Nos. 6,418,419 and 7,024,387. (D.I. 1.)

On September 8, 2008, the CME defendants filed a motion to dismiss Fifth Market's complaint, to

strike the willfulness allegation and demands for enhanced damages and fees, or for a more definite

statement. (D.I. 12.) On September 24, 2008, Fifth Market filed both an opposition to the CME

defendants' motion (D.I. 16), and a motion for leave to file an amended complaint (D.I. 15).

2.    Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint

if it fails to "state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion,

the court accepts all factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S.

89 (2007). A complaint does not need detailed factual allegations, but it must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief, in order to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 555 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations

omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

3.      Here, the court concludes that Fifth Market's complaint is deficient, because it fails to provide the CME defendants with fair notice regarding how they infringe the patents-in-suit. Form 18 of Federal Rule of Civil Procedure 84 makes clear that, at a minimum, Fifth Market must allege, in general terms, an infringing product. *See* Fed. R. Civ. P. 84 Form 18 ( "defendant has infringed . . . the Letters Patent by making, selling, and using *electric motors* that embody the patented invention . . . .") (emphasis in original). Fifth Market's complaint alleges that the CME defendants have infringed the asserted patents by "making, using, selling, and/or offering for sale products and methods covered by the claims of" the asserted patents. (D.I. 1 ¶¶ 15, 23.) Fifth Market echoes this same language in its contributory infringement and inducement claims. (D.I. ¶¶ 16-17, 24-25.) None of Fifth Market's claims, however, contain any reference to a single infringing product or method. Indeed, the only reference to a CME product – the Globex® platform – is found in the facts. (D.I. 1 ¶ 5.) Further, this reference to the Globex® platform does not make it clear to the court whether Fifth Market avers that this CME product infringes one, both, or neither of the patents in suit. Therefore, Fifth Market's complaint fails to provide the CME defendants with fair notice of the claims and grounds for their entitlement to relief, and the court will grant the CME defendants' motion to dismiss.

4.      Federal Rule of Civil Procedure 15(a)(2) permits a party to amend a pleading with the consent of the other parties or leave of court at anytime during the proceedings. The rule further

2

provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court has discretion to deny leave to amend, however, when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Leave to amend is especially warranted where a complaint is susceptible to 12(b)(6) dismissal. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In these situations, the court must permit a curative amendment unless doing so would be inequitable or futile. *Id.*

5.      After having considered the proposed amended complaint, the court finds that there exists no undue delay, bad faith, or dilatory motive by Fifth Market. Additionally, Fifth Market's amendment is not futile or inequitable, as it: 1) asserts ownership of the patents; 2) names the defendants; 3) cites the asserted patents as allegedly infringed; 4) describes, in general terms, the means by which the defendants allegedly infringe; and 5) points to the specific parts of the patent law invoked. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (finding that a complaint for patent infringement satisfies pleading requirements when it complies with Form 16[1]). Accordingly, the court will grant Fifth Market's motion to amend.

6.      The time to respond to an amended pleading is ten (10) days after service of the amended pleading. Fed. R. Civ. P. 15(a)(3). The court understands that the CME defendants request thirty (30) days to respond to the amended complaint. (D.I. 18.) The court further understands that Fifth Market does not oppose the CME defendants' requested extension of time. (D.I. 20.) Because the parties agree to such an extension, they shall file a stipulation to that effect with the court.

---

[1] Following amendments effective December 1, 2007, the form complaint for patent infringement is now Form 18.

3

Therefore, IT IS HEREBY ORDERED that:

1.  The CME defendants' Motion to Dismiss the Complaint, to Strike the Willfulness Allegation and Demands for Enhanced Damages and Fees, or for a More Definite Statement (D.I. 12) is GRANTED in part and DENIED in part as moot. The motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. All other aspects of the motion are DENIED.

2.  Fifth Market's motion to amend the complaint (D.I. 15) is GRANTED. Fifth Market shall file its first amended complaint within five (5) days of the date of this Order.[2]

Dated: May 14, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] The court recognizes that Fifth Market filed a proposed first amended complaint as an exhibit to its motion. For administrative purposes, however, the court requires parties to submit the amended complaint as a separate document.