**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

Fifth Market, Inc.,

Plaintiff,

v.

CME Group, Inc., *et al.*,

Defendants.

C.A. No. 1:08-cv-00520-GMS

---

**PLAINTIFF'S REPLY SUPPORTING MOTION TO LIFT STAY**

Plaintiff, Fifth Market, Inc., by and through its attorneys, respectfully replies to Defendants' Opposition to Plaintiff's Motion to Lift Stay, stating as follows:

**INTRODUCTION**

1. The conditions of the patents, upon lifting the stay, will be as follows:

a) regarding the `419 Patent: There were only minor clarifying amendments and the new claims do not incorporate new matter.

b) regarding the `387 Patent: No claim language was amended. Plaintiff did not respond to the non-final office action and anticipates that the reexamination certificate will reflect the claims as in that office action, as follows: Claims 2 and 6 were not reexamined, Claims 1, 4, 7, 8, and 10 were confirmed, and Claims 3, 5, 9, 11, and 12 were allowed to be cancelled.

2. Plaintiff believes the changes to the `419 patent to be mere clarifications and typo corrections and does not anticipate requesting an additional Markman hearing.

3. If the Stay is lifted and discovery is restarted, there will be no wasted discovery in

that the `387 confirmed claims embody matter similar to the `419 claims already issued.

       4.       On the merits, it is well settled that this Court has inherent broad discretionary power to stay proceedings. Of course, the same court that imposes a stay of litigation has the inherent power and discretion to lift its own stay.

       5.       As stated by another District Court, and cited by this Court:

> When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay.

*Automotive Technologies Int'l v. American Honda Motor Co.*, 2009 U.S. Dist. LEXIS 85156, at *2 (D. Del. Sept. 16, 2009) (Sleet, J.) quoting with approval, *Canady v. Erbe Elektromedizin*, 271 F. Supp. 2d 64, 74 (D. D.C. 2002). Plaintiff respectfully submits that circumstances in this case have changed significantly such that the Court's reasons for imposing the stay no longer exist or are now inapplicable.

       6.       This Court's Order staying litigation [the "Order"] summarized the case history:

> * * * On April 21, 2011, the plaintiff filed its motion to stay pending reexaminations. (D.I. 173.) The plaintiff disclosed to the court that on April 4, 2011, the day before the *Markman* hearing, the defendant provided plaintiff with a copy of the request for *ex parte* reexamination of the `419 patent that had been filed on April 1, 2011 by defendants' counsel Brinks Hofer Gibson & Lione. (D.I. 173 at 2, Ex. A.) The plaintiff also received a copy of a draft request for *ex parte* [*inter partes*] reexamination of the `387 patent. (Id. at 2-3, Ex. B.) That request has no yet been filed, but plaintiff reports being informed that defendants will proceed with the filing. (D.I. 181 at 2, Ex. A.) Finally, on April 15, 2011, the plaintiff received a copy of another request for *ex parte* reexamination of the `419 patent that had been filed on March 28, 2011 by defendants' counsel Banner & Witcoff. (D.I. 181 at 3, Ex. C.) Thus, prior to the *Markman* hearing, the defendants had filed two separate requests for reexamination of the `419 patent and were contemplating filing a reexamination of the `387 patent. * * *

Order (D.I. 182, at 2, fn 2).

       7.       The circumstances supporting the stay, at the time, were that two reexamination requests had been filed against the `419 Patent, and Defendants had drafted a third against the

`387 Patent. It was Plaintiff's clear understanding that Defendants would file the `387 reexamination request within a reasonable amount of time following the entry of the Stay Order. Plaintiff believes that may also have been the Court's understanding. But in fact, the `387 reexamination request was not filed by Defendants until 15 months after it was prepared, served on Plaintiff, and stated that it would be filed. This unnecessary delay tactic has significantly extended the resolution of the `387 Patent reexamination.

8. At the time of the Stay, the Court recognized Plaintiff's concern that Defendants may have been using the reexamination requests inappropriately, stating:

> The court understands the plaintiff's concern about the defendants' timing and tactics. The facts and procedural history of this case are interesting. * * *

Order (D.I. 182, at 2, fn 2). This comment was made before Defendants' 15-month delay.

**ARGUMENT**

**The Undue Prejudice Inquiry:**

9. The applicable test for granting a stay was fully set forth in this Court Order. First, in considering the Plaintiff's Motion for Stay, this Court concluded that there would no undue prejudice or a clear tactical disadvantage to the Defendants. Order (D.I. 182, p. 2, fn 2). That conclusion remains true: Defendants filed two reexamination requests, and delayed filing the third one for 15 months. Defendants were the non-moving party on the motion to stay, and thus have not been "prejudiced" by their own dilatory tactics.

10. Defendants argue in opposition to this Motion that Plaintiff has shown no prejudice from allowing the stay to remain in place. In response, Plaintiff replies that there has been a significant change in circumstances from when the Stay was granted in that the Plaintiff has been unduly prejudiced by Defendants' excessive delay in filing the `387 reexamination

request, and the resulting unnecessary delay waiting to resolve the `387 reexamination. Defendants' delay tactics now unnecessarily delay the prosecution of the litigation.

11. Plaintiff submits that had Defendant stated to the Court at the time of the hearing that it wanted to hold the `387 reexamination request until the two `419 reexaminations were nearly complete, this Court may have considered such fact to be significant as an obvious ploy to unnecessarily extend the reexamination time, and the Order may have taken that fact into account, such as an order to timely file the request.

12. Even if Defendants had no intent to delay filing against the `387 Patent at the time of the hearing, but decided later to do so, Plaintiff asserts that such later decision to wait 15 months to file the request is still a significant change of a circumstance in the reasons the Court granted the Order.

13. Further as to undue prejudice to the Plaintiff from Defendants' delays -- Plaintiff notes that within 9 months of filing the `387 reexamination request, the non-final rejection has issued. Plaintiff did not respond to the Office Action and reasonably anticipates that the Examiner will incorporate his non-final opinion into an Action Closing Prosecution in the near future, noting that since February 19, the status or the reexamination is "Ready for Examiner Action after Nonfinal." The point being that the reexamination is substantially complete within 9 months of filing. There is a strong argument that it most likely would have been completed well before now if was filed near the time of the Stay Order -- nearly two years ago.

14. Defendants' delay also gave it a tactical advantage. The `387 request was not filed until after Plaintiff's response to the non-final office action in the `419 Patent reexamination. After over 15 months, plaintiff reasonably expected that the `387 request was not going to be filed. Had the Defendant proceeded with its reexamination request on the `387

Patent in a timely manner, Plaintiff would have had the benefit of the Patent Offices opinion as to the `387 claims as well as those in the `419 reexamination. With that additional information, Plaintiff may have prosecuted the `419 reexamination differently, possibly resulting in different claims being ultimately allowed in the `419 Patent.

15. Plaintiff is unduly prejudiced by unnecessary delay to its litigation. From the record of the `387 reexamination, ready to conclude after only about 9 months, it is probable that the `387 reexamination would have been completed before or near the time of the close of the `419 reexamination, on February 21, 2013. Plaintiff therefore submits that in all likelihood, all of the `387 resolution delay past February 21 was directly caused by Defendants' 15 month `387 request filing delay.

16. In filing the Motion for Stay, Plaintiff accepted the risk of reasonable delay to its patent litigation. Plaintiff acknowledges that the potential for delay at the Patent Office does not, by itself, establish undue prejudice. However, the facts in the present case disclose abuse of the reexamination process through Defendants' purposeful delay in the timing of the reexamination requests. Delay in filing may support a finding of undue prejudice. As stated by this Court:

> The court also recognizes, however, that the potential for delay does not, by itself, establish *undue* prejudice [cites omitted] Rather, <u>in considering whether a plaintiff might be unacceptably prejudiced by a stay, the court looks to other considerations including the timing of the reexamination request</u> . . ..

*Neste Oil OYJ v. Dynamic Fuels*, 2013 U.S. Dist. LEXIS 13081, at *5 (January 31, 2013) (Sleet, J.) (emphasis added).

17. In summary, Plaintiff respectfully argues that the conditions under which the Court reasoned a lack of undue prejudice supporting the stay have been changed by the Defendants' delayed filing of the `387 reexamination request, and that the Plaintiff is now unduly prejudiced by such delay. The additional delay was created by the Defendants' litigation

tactic.

**<u>The Simplification of the Issues Inquiry</u>:**

18. The Court correctly concluded that a stay may likely simplify the issues in question and the trial of the case, noting in the Order:

> Second, a stay will likely simplify the issues in question and trial of the case. Both patents-in-suit may be before the Patent and Trademark Office. As plaintiff points out, defendants have challenged the patents by citing numerous prior art references. For the claims that survive reexamination, the issue of their validity should be greatly simplified. The remainder of the litigation process should be streamlined, which will conserve resources for the parties and this court. The court also will not run the risk of inconsistent rulings or issuing advisory opinions.

Order (D.I. 182, at 2, fn 2) quoted in relevant part.

19. At the time the stay was requested, Defendants had asserted over 1200 anticipatory and obvious prior art references against the patents-in-suit. (Plaintiff noted over 800 asserted prior art references in its Motion, but later discovered multiple documents buried within other documents that were produced by Defendants.) All documents produced by the Defendants were submitted to the Patent Office in Information Disclosure Statements submitted in the reexaminations of both patents.

20. The `419 Patent survived the two reexaminations and has re-issued. Two claims of the `387 Patent have been excluded from the reexamination and continue to be presumed valid. The issues of anticipation, obviousness, and the 1,200 references on each surviving claim have been put to rest.

21. Judicial economy has been served by eliminating those burdensome issues from the litigation. This element of the stay has been satisfied, thereby supporting lifting the stay.

**<u>The Stage of the Present Action Inquiry</u>:**

22. Plaintiff has produced every document and computer hard drive in its control, and

has presented the four inventors and the original patent prosecution attorney for depositions. Plaintiff has fully cooperated in discovery and there are no discovery requests pending to it.

23. In contrast, Defendants have failed, or refused nearly entirely, to cooperate in discovery, which was one of the issues in the Motion for the Stay with Plaintiff arguing:

> Even now, Fifth Market continues to attempt to resolve serious outstanding discovery issues, which date from long before the close of discovery, as follows:
>
> a) Defendants' refusal to conduct a search of its ESI on terms requested by Plaintiff;
>
> b) a partial search of Defendants' ESI based on Defendants' search terms that was offered by Defendants, but is insufficient;
>
> c) Defendants' objections and refusals to produce documents requested by Plaintiff;
>
> d) Defendants' inadequate responses to Plaintiff's interrogatories; and,
>
> e) Defendants' objections and refusals to produce documents and qualified representatives in response to nine-tenths of Plaintiff's Rule 30(b)(6) noticed topics.

Plaintiff's Motion to Stay (D.I. 173, para. 31.)

24. This Court noted the discovery issues in its Order staying litigation, stating in a footnote: "The court also discussed whether this case requires the assistance of a Special Master to assist with the unresolved discovery issues." Order (D.I. 182, p. 1, fn 1).

25. At present, the only discovery being stayed is that from the Defendants. Permitting Defendants to continue to fail to produce discovery gives Defendants a tactical advantage in that witnesses continue to drift away and memories become foggier with time. "[R]esuming litigation after a protracted stay could raise issues with stale evidence, faded memories, and lost documents." *Softview v. Apple*, 2012 U.S. Dist. LEXIS 104677, at *14 (July 26, 2012)(Stark, J.).

26. Recognizing potential benefit of a reexamination at the appropriate stage of litigation, Plaintiff also respectfully submits that an abuse of the reexamination process amounts to an undue prejudice in depriving it of the benefit of its choice of forum. "The plaintiff is the master of the complaint [and] the well-pleaded complaint rule enables him . . . to have the cause heard in [the forum of his choice.]" *Id.*, at *13, quoting *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002).

27. Plaintiff notes that the actual stage of the litigation began when this case was originally filed against Defendant CME and others in 2007, 1:07-cv-840-SLR. The case was dismissed without prejudice in order to pursue settlement discussions, which resulted in settlement with the New York Stock Exchange on behalf of then Defendant CBOT for its use of the LIFFE trading system, which is not involved in this case. Because there was no settlement reached with Defendant CME, the present lawsuit was re-filed in 2008. Other defendants associated with Defendant CME were later added to this suit as they began to use the infringing system. The actual stage of this litigation is that these infringement allegations have been leveled against Defendant CME since 2007 – more than 5 years – and Plaintiff has yet to receive any relevant discovery responses.

28. To permit Defendants to benefit from Defendants' refusal to cooperate in discovery, in combination with Defendants' delay in filing the `387 reexamination request, is an additional support for the argument that continuing this stay is unduly prejudicial to the Plaintiff as further unnecessary delay of its case.

**<u>The Covered Business Method Patent Review Threat</u>:**

29. Defendants argue against lifting the litigation stay stating: "CME <u>will file</u> a request for a covered business method patent review for the `419 patent." Opposition, p. 2.

(emphasis added).

30.     Plaintiff does not wish to encourage Defendants to file a Business Method Review against the `419 Patent, but notes that at this point it is a mere threat and should not be considered in deciding whether to lift the stay. Plaintiff further notes that Defendants' last "threat" to file, against the `387 Patent, took 15 months to realize. Based on that past history of threat and delay, this present threat should be disregarded.

## CONCLUSION

There are obvious benefits to a litigation through reexamination of a patent, if filed at an appropriate time, and prosecuted responsibly – the potential to simplify and validate the claims and dispense with non-persuasive prior art references. A patent holder can also be benefited by a clearer record, both in the stayed case and in others that may be brought in the future.

At the same time, however, there is also the potential to abuse the process through serial reexamination requests, strategically timed delayed requests, baseless petitions, and protracted appeals. Plaintiff respectfully submits that Defendants have already abused the process to the detriment of judicial economy and the Plaintiff's right to timely discovery and a trial on the merits, and the opportunity to pursue future claims on well-armored patents.

Plaintiff respectfully argues that Defendants took their best shot (shots) at the patents-in-suit and failed to invalidate them. Defendants' best documents and arguments were submitted in three reexamination requests by two substantial national law firms, Brinks Hofer, and Banner Witcoff. It is safe to assume that those two firms "brought their A game" when they filed on behalf of their multi-billion dollar corporate clients, as well they should have done.

The original purpose for the stay made sense at that time: judicial economy was served by permitting the PTO to consider Defendants §§ 102 and 103 anticipation and obviousness

arguments and dealing with the more than 1,200 documents asserted by Defendants as relevant prior art references. However, continuing the stay on Defendants' terms of calculated delay, no longer serves the original purpose, and no longer makes sense.

**WHEREFORE**, Plaintiff repeats its request that this Court lift the stay on litigation and grant any such additional relief as this Court finds just and reasonable.

Respectfully Submitted,

O'KELLY ERNST & BIELLI, LLC

Dated: March 25, 2013

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com

*Attorneys for Plaintiff*

OF COUNSEL

Michael K. Botts, *pro hac vice*
MICHAEL K. BOTTS, ATTORNEY AT LAW
1629 K. St., N.W., Suite 300
Washington, DC 20006
703-780-1295
202-204-2236 (facsimile)
mkbotts@verizon.net

J. Gregory Whitehair, *pro hac vice*
THE WHITEHAIR LAW FIRM, LLC
12364 W. Nevada Pl., Suite 305
Lakewood, CO 80228
(303) 908-5762
jgw@whitehairlaw.com