IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FIFTH MARKET, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CME GROUP, INC., et al., | ) | |
| | ) | C.A. No. 08-520 (GMS) |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CME GROUP, INC., et al., | ) | |
| | ) | |
| Counterclaim-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIFTH MARKET, INC., | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY FOR VIOLATION OF LOCAL RULE 7.1.3(C)(2) OR IN THE ALTERNATIVE FOR LEAVE TO FILE A SUR-REPLY**

Defendants CME Group Inc., Chicago Mercantile Exchange Inc., Board of Trade of the City of Chicago Inc., Commodity Exchange Inc., and New York Mercantile Exchange Inc. (collectively "CME") respectfully move this Court for an Order striking Plaintiff Fifth Market, Inc.'s Reply Supporting Motion to Lift Stay (D.I. 193; hereinafter "Reply") in its entirety and denying Fifth Market's Motion to Lift Stay (D.I. 189; hereinafter "Motion" or "Motion to Lift Stay"). The Reply improperly raises new facts and legal arguments which were not set forth in Fifth Market's Motion. Fifth Market could and should have raised all of these facts and arguments in its Motion but instead decided to reserve them for its Reply in violation of Del. L.R. 7.1.3(c)(2). Alternatively, CME respectfully moves this Court for leave to file the Sur-reply

In Opposition to Motion to Stay ("Sur-reply") attached at Exhibit A hereto, which responds to Fifth Market's newly raised factually and legally flawed arguments.  Although as a result of the parties' meet and confer Fifth Market offered not to oppose CME's filing a Sur-reply, CME believes the Court should not be put to the task of reading and considering both Fifth Market's Reply which so plainly violates the Local Rule and a Sur-reply attempting to rectify the harm from that violation.

## I.      BACKGROUND

Delaware Local Rule 7.1.3(c)(2) provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."  Notwithstanding this Local Rule, Fifth Market chose to file a scant 2 ½ page Motion to Lift Stay, which failed to include any legal arguments, citations to case law, or a complete recitation of the relevant facts.  Fifth Market did not even bother to address the well-known three factors this Court considers when granting or lifting a stay (prejudice, simplification of issues for trial, and status of the case – hereinafter "stay factors").  CME pointed out Fifth Market's shortcomings in its Opposition, which did address the stay factors and provided a discussion of the relevant facts in light of them.  Given the brevity of and the deficiencies in the Motion to Lift Stay, it is not surprising that Fifth Market filed a 10 page Reply to CME's Opposition, which raises new legal arguments that should have been in a "full and fair opening brief."  For example, Fifth Market improperly asserts for the first time in its Reply that a significant change in circumstances has occurred since the stay was granted and that it will be prejudiced if the stay is not lifted (Reply at 3-6).  Fifth Market likewise never mentions or discusses in its Motion the simplification of issues for trial and fails to provide anything more than a few background facts regarding the status of the present action.  Fifth Market does not attempt to explain the tardiness of its new arguments.  In short, Fifth Market's Reply is precisely

the type of brief Rule 7.1.3(c)(2) was meant to prevent, and this Court has routinely stricken. Accordingly, CME respectfully requests that this Court strike Fifth Market's Reply in its entirety, or alternatively, grant CME leave to file the attached Sur-reply.

## II.     FIFTH MARKET'S REPLY SHOULD BE STRICKEN IN ITS ENTIRETY

Fifth Market's reservation of arguments relating to the stay factors for its Reply amounts to "impermissible sandbagging." *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, No. 00-589 – GMS, 202 WL 53115, at * 3. (D. Del. Mar. 26, 2002) (citing *Jordan v. Bellinger*, 2000 U.S. Dist. LEXIS 19233, *18 n.2 (D. Del. Nov. 22, 2010)).  *See also Praxair, Inc. v. AMTI, Inc.*, 231 F.R.D. 457, 464 (D. Del. 2005); *Advanced Med. Optics, Inc. v. Alcon, Inc*., 361 F.Supp.2d 404, 418 n.8 (D. Del. 2005).  A full and fair opening brief on whether to grant or lift a stay, should at a minimum, discuss the stay factors.  Fifth Market acknowledged as much when it filed the original motion to stay in 2011.  That Motion to Stay (D.I. 173) identified the three stay factors, cited relevant legal authority, and then discussed the factors.  *Id.* at 6-8.  However, despite knowing what should be in a stay related brief, Fifth Market chose not to reference the stay factors, cited no legal authority, and provided only a few background facts in the Motion to Lift Stay.

In stark contrast, Fifth Market's Reply addresses the three stay factors (albeit with misstatements of fact and law), makes new legal and factual arguments, and cites legal authority. For example, Fifth Market now contends that it is and will continue to be prejudiced if the stay is not lifted (Reply at 3-8).  Fifth Market asserts prejudice, in part, as a result of the delay caused by the reexaminations, including potential lost documents, stale evidence, and faded memories.  *Id.* These arguments clearly could and should have been raised in the Motion to Lift Stay.  However, the word "prejudice" does not appear anywhere in Fifth Market's Motion to Lift Stay, and Fifth Market makes no mention that will be harmed in any way if the stay is not lifted.  Similarly,

Fifth Market asserts that the reexaminations have simplified the issues for trial because there are now fewer prior art references.  Again, Fifth Market's Motion to Lift Stay says nothing about simplification of issues for trial.  The Motion simply recites the status of the reexaminations and requests that the stay be lifted.  Rather than addressing up front what it knew the critical issues would be relating to the stay factors and lifting the stay, Fifth Market held its arguments on these issues in reserve in direct violation of Local Rule 7.1.3(c)(2).

Notably, none of the arguments on the stay factors that Fifth Market now makes in its Reply are based on new information or evidence that Fifth Market gained since filing its original motion.  All of the information relating to the procedural history of this case as well as the status of the reexaminations and patent claims has been publically available and in Fifth Market's possession for many months and in some cases years.  Fifth Market does not point to any reason why it did not have to comply with Rule 7.1.3 (c)(2).  Fifth Market chose to "sandbag" CME to deprive CME of the opportunity to rebut the real arguments Fifth Market is now making, resulting in substantial prejudice to CME.

## III.   ALTERNATIVELY, THE COURT SHOULD GRANT CME'S MOTION FOR LEAVE TO FILE THE ATTACHED SUR-REPLY.

As set forth above, Fifth Market has raised numerous new arguments in its Reply. However, if the Court decides not to strike Fifth Market's Reply, CME requests leave to file the Sur-reply in Opposition to Motion to Lift Stay attached at Exhibit A.  The Sur-reply is 5 pages and is narrowly tailored to address only the new arguments made by Fifth Market in its Reply and to correct factual inaccuracies with respect to several issues including, but not limited to, the status of discovery in this case.  CME further respectfully asserts that if Fifth Market's Reply is not stricken CME's proposed Sur-reply will aid the Court by providing a more complete and accurate record.

## IV.     CONCLUSION

For the foregoing reasons, CME respectfully requests that this Court strike Fifth Market's Reply Supporting Motion to Lift Stay and deny the Motion to Lift Stay.  Alternatively, CME respectfully requests that this Court grant CME's motion for leave to file the attached Sur-Reply.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
  *Attorneys for Defendants/Counterclaim-Plaintiffs*

OF COUNSEL:

Gary M. Ropski
Ralph J. Gabric
Jon H. Beaupré
BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL  60611
(302) 321-4200

March 29, 2013

7088413

## <u>LOCAL RULE 7.1.1 CERTIFICATE</u>

The undersigned counsel for Defendants CME Group, Inc., Chicago Mercantile Exchange Inc., Board of Trade of the City of Chicago, Inc., Commodity Exchange, Inc., and New York Mercantile Exchange, Inc. hereby certifies that he communicated Defendants' intention to file this Motion To Strike Or In The Alternative For Leave To File Sur Reply to counsel for Plaintiff and counsel for Plaintiff indicated that Plaintiff would oppose a Motion to Strike.


*/s/ Thomas C. Grimm*
Thomas C. Grimm (#1098)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FIFTH MARKET, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CME GROUP, INC., et al., | ) |
| | )      C.A. No. 08-520 (GMS) |
| Defendants. | ) |
| | ) |
| _____ | ) |
| | ) |
| CME GROUP, INC., et al., | ) |
| | ) |
| Counterclaim-Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FIFTH MARKET, INC., | ) |
| | ) |
| Counterclaim-Defendants. | ) |

## [PROPOSED] ORDER

WHEREAS Defendants having filed a Motion to Strike Plaintiff's Reply Brief in Support of Plaintiff's Motion to Lift Stay for Violation of Local Rule 7.1.3(c)(2) or in the Alternative for Leave to File a Sur-Reply (the "Motion"); and

WHEREAS the Court having found good cause for the Motion;

IT IS SO ORDERED, this __ day of _____, 2013 that the Motion is granted.

_____
CHIEF, UNITED STATES DISTRICT JUDGE