IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Fifth Market, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:08-cv-00520-GMS |
| v. | ) | |
| | ) | |
| CME Group, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF**

Plaintiff, Fifth Market, Inc., by and through its attorneys, respectfully submits its Opposition to Defendants' Motion to Strike Plaintiff's Reply Brief in Support of Plaintiff's Motion to Lift Stay for Violation of Local Rule 7.1.3(C)(2) or in the Alternative for Leave to File a Sur-Reply (I.D. 194), stating as follows:

1. Plaintiff is surprised by the filing of Defendants' Motion, since Plaintiff had consented to Defendant filing a sur-reply. Plaintiff disputes Defendants' assertions in its proposed sur-reply, but Plaintiff continues to have no objection to Defendants filing it.

2. This Opposition is not intended to rebut Defendants' proffered sur-reply brief, but only to oppose Defendants' Motion to Strike Plaintiff's Reply Brief supporting Plaintiff's Motion to Lift Stay.

3. Plaintiff's Motion to Lift the Stay was a simple request based on the satisfaction of the terms of the stay. The Stay was Ordered "pending reexaminations." Order (D.I. 182).

4. The reexamination of the '419 Patent has been completed and a Reexamination Certification issued. In addition, two claims of the '387 Patent were never accepted into reexamination and have always remained valid and enforceable. As of the filing of the Motion

1

to Lift the Stay, both patents-in-suit had valid claims ready to be enforced. Therefore, the condition of the stay has been satisfied.

5. For clarity, Plaintiff acknowledges that five claims in the '387 patent are confirmed in reexamination but not yet re-issued. The reexamination record shows that the Plaintiff did not contest the Examiner's office action confirming the five claims as patentable over the prior art references, and it is highly likely that those confirmed claims will come out of reexamination without change in the near future. Since the confirmed claims are similar to the two valid '387 Patent Claims, the later re-issuance of the confirmed claims is not likely to have a significant effect on the litigation beyond the effect of litigating the two already valid claims. Whether or not the five confirmed claims are re-issued, two '387 Patent claims are presently valid and enforceable, and their present enforceability supports Plaintiff's argument that the reasons for the stay have been satisfied.

6. Satisfaction of the reasons for the stay is a basis to lift the stay. Again, as stated by this Court: "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Automotive Technologies Int'l v. American Honda Motor Co.*, 2009 U.S. Dist. LEXIS 85156 *2 (D. Del. Sept. 16, 2009) (Sleet, J.) emphasis added, quoting with approval, *Canady v. Erbe Elektromedizin*, 271 F. Supp. 2d 64, 74 (D. D.C. 2002). There are two general rationales for lifting a stay, as recognized in *Automotive Technologies*, quoted above: the reasons for imposing the stay either 1) "no longer exist," or 2) are "inappropriate."

7. Plaintiff's Motion to Lift the Stay followed the first *Automotive Technologies* rationale, that the reasons for imposing the stay "no longer exist."

8. In Opposition, Defendants argued the second rationale, that the Plaintiff had not

shown that the reasons for the stay were "inappropriate."

9. In arguing the "inappropriate" alternative *Automotive Technologies* rational, Defendants argued the following issues:

    1) Fifth Market did not argue "changed circumstances" or "undue prejudice or hardship";

    2) the Patent Office *might* reverse itself completely, despite the fact two '387 Patent claims were never in reexamination, and the reexamination of the other claims was obviously near conclusion; and,

    3) litigation *may* not be simplified because Defendants *may* make additional invalidity arguments and *may* file a Covered Business Method Review request sometime in the future.

10. Plaintiff's Reply brief did not violate Local Rule 7.1.3(C)(2) because it addressed the three new issues raised for the first time by the Defendant – the "inappropriate" rationale arguments.

11. Plaintiff did not withhold any arguments from its Motion; rather, Plaintiff merely argued a rationale different from that chosen by Defendants in their Opposition.

12. Plaintiff respectfully submits that it was under no obligation to argue the "inappropriate" rationale in addition to, or in place of, its initial Motion premise that the stay should be lifted based on the first rationale – that the reasons for the stay "no longer exist."

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Strike Plaintiff's Reply Brief be denied in full, and for any such other relief as this Court deems just and reasonable.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated:  April 2, 2013 | O'KELLY ERNST & BIELLI, LLC |
|  | */s/ Sean T. O'Kelly* <br> Sean T. O'Kelly (No. 4349) <br> 901 N. Market Street, Suite 1000 <br> Wilmington, Delaware  19801 <br> (302) 778-4000 <br> (302) 295-2873 (facsimile) <br> sokelly@oeblegal.com |
|  | *Attorneys for Plaintiff Fifth Market, Inc.* |

OF COUNSEL

Michael K. Botts, *pro hac vice*
MICHAEL K. BOTTS,
ATTORNEY AT LAW
1629 K. St., N.W., Suite 300
Washington, DC  20006
703-780-1295
202-204-2236 (facsimile)
mkbotts@verizon.net

J. Gregory Whitehair, *pro hac vice*
THE WHITEHAIR LAW FIRM, LLC
12364 W. Nevada Pl., Suite 305
Lakewood, CO  80228
(303) 908-5762
jgw@whitehairlaw.com